Charles M. Walker
U.S. Bankruptcy Judge
Dated: 9/20/2022



mk

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

DEBTOR  **JANICE ANNETTE BROWN**  Case No.  **22-02034-CW3-13**

SSN XXX-XX- 2541

### ORDER CONFIRMING CHAPTER 13 PLAN AND GRANTING RELATED MOTIONS

### CONFIRMED WITH CHANGES

The Court finds that all information required under § 521(a)(1)(B) has been submitted and that the case is not dismissed under § 521(i). The Court further finds that it is in the best interests of creditors and the estate to confirm this case.

The debtor's plan has been transmitted to scheduled creditors and it has been determined after notice and an opportunity for hearing that the plan meets the confirmation requirements of 11 U.S.C. § 1325 and all timely objections to confirmation have been withdrawn, resolved, or overruled. It is, therefore, ORDERED:

1. The plan is confirmed as set out below.

2. A timely proof of claim must be filed before the creditor will be paid under the plan.

3. The debtor shall not incur any debts without approval from the trustee or this Court, except debts necessary for emergency medical or hospital care.

4. The debtor shall not reduce the amounts withheld for taxes on a W-4 submitted to an employer without approval of the trustee or the Court.

5. The trustee shall deduct permitted compensation and expenses in accordance with 28 U.S.C. §586(e).

6. Before making any disbursements to creditors under the plan, the trustee shall disburse to the Court Clerk the sum of **$313.00** for filing fees.

7. The debtor shall be responsible for the preservation and protection-including insurance-of all property of the estate.

8. The trustee and the debtor retain the right to object to any claims or supplements to claims and to pursue any causes of action for the benefit of the debtor or the estate-including avoidance and recovery actions and actions that would upset the liens of creditors treated as secured under the confirmed plan.

**PART 1:    NOTICES**

The confirmed plan  **DOES** include nonstandard provisions, set out in Part 9 below.

This order is final and binding under 11 U.S.C. § 1327 upon entry of the order.  This order may include provisions different than what was contained in the original plan.  Parties are encouraged to carefully review the terms of this order and the previously noticed plan.  Any request to reconsider the terms of this order should be raised within 14 days.

An exhibit attached to this order lists the claims treated under this confirmed plan as of the submission of this order to the Court. This list is subject to modification based on the subsequent allowance or disallowance of claims.

## PART 2:   PLAN PAYMENTS AND LENGTH OF PLAN

**Debtor will make payments to the trustee as follows**:

**$720.00 MONTHLY  from JANICE ANNETTE BROWN(DIRECT PAY)**

**[PLUS TAX REFUNDS]**

The plan is expected to last approximately **60** months. The plan will not be complete unless the payments to creditors specified in this order have been made.

### Plan "base" and income tax refunds:

Debtors shall pay to the trustee a minimum amount, called a "base," of **$43,200.00 INCREASED BY TAX REFUNDS**.

Any tax refund that accrues during the plan term shall increase the plan "base"-the minimum amount the debtor must pay under the plan. Debtor will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

Any funds remaining from the base after making the other disbursements required by this order shall be used to increase the distribution to allowed nonpriority unsecured claims addressed in § 5.1.

## PART 3:   TREATMENT OF SECURED CLAIMS

**3.1 Maintenance of payments and cure of default under 11 U.S.C. § 1322(b)(5).**

**There are no long term claims paid by the Trustee.**

**3.2 Valuation of security and claim modification.**

For each claim listed below, the Court determines the value of the creditor's interest in any property securing the claim in accordance with the amount stated in the column headed *Value securing claim*. If this amount exceeds any allowed claim amount, the claim will be paid in full with interest at the rate stated below. If the amount is less than the allowed claim amount, the claim will be paid the full value securing the claim, with interest at the rate stated below.

The portion of any allowed claim that exceeds the value securing the claim will be treated as an unsecured claim under § 5.1. If the value securing a creditor's claim is listed below as zero or no value, the creditor's allowed claim will be treated entirely as an unsecured claim under § 5.1. The avoidance of any lien because it is not secured by any value must be addressed in Part 9. The amount of a creditor's total claim stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount stated below.

The holder of any claim listed below as secured by any value will retain the lien until the earlier of:

(a)   payment of the underlying debt determined under nonbankruptcy law, or

(b)  discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Creditor/Collateral | Amount of Claim | Value securing claim | Value of collateral less than Claim? | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| REPUBLIC FINANCE<br>TVS COMPUTER SILVER RINGS DVD SURROUND SOUND LAPTOP DIAMOND RING | $5,350.92 | $1,500.00 | Yes | 5.50% | $29.00 |

### 3.3 Secured claims excluded from 11 U.S.C. § 506.

The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year before the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full through the trustee as stated below. The claim amount stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

The holder of any claim listed below as secured by any value will retain the lien until the earlier of:

(a)  payment of the underlying debt determined under nonbankruptcy law, or

(b)  discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Creditor/Collateral | Amount of claim | Interest rate | Monthly payment |
|---|---|---|---|
| REGIONAL ACCEPTANCE CORPORATION<br>2021 KIA K5 / 910 AUTOMOBILE LOAN | $28,938.67 | 5.50% | $553.00 |

### 3.4 Lien avoidance.

The judicial liens or nonpossessory, nonpurchase money security interests listed below impair exemptions to which the debtor(s) would be entitled under 11 U.S.C. § 522(b). The judicial liens or security interests listed below are avoided to the extent they impair exemptions. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim under § 5.1. For each of the following claims, the lien is avoided except to the extent of any secured claim specified in § 3.2:

| Creditor | Collateral/Lien description |
|---|---|
| HEIGHTS FINANCE HOLDING | BLU RAY PLAYER TVs PRINTER |
| COVINGTON CREDIT | |
| MARINER FINANCE | TVS LAPTOP RINGS |

### 3.5 Surrender of collateral.

The debtor surrenders to each creditor below the listed collateral. The stay under 11 U.S.C. § 362(a) is terminated as to the collateral only and the stay under § 1301 is terminated in all respects. Any allowed unsecured claim resulting from disposition of surrendered collateral will be treated as an unsecured claim under § 5.1. Unless specified in Part 9 or a separate notice of abandonment, the trustee has not abandoned the estate's interest in the collateral.

| Name of creditor | Collateral |
|---|---|
| CAPITAL RECOVERY | 14 KIA OPTIMA |
| MARINER FINANCE | 2ND LIEN 14 KIA OPTIMA |

## PART 4: TREATMENT OF PRIORITY CLAIMS (INCLUDING ATTORNEY'S FEES AND DOMESTIC SUPPORT OBLIGATIONS)

### 4.1 Attorney's fees.

The balance of fees currently owed to **FLEXER LAW PLLC** is **$4,250.00**. The total fee awarded to the attorney is **$4,250.00**.

Except for any fees retained as a "Success Incentive", the balance of fees awarded by this order and any additional fees that may be awarded shall be paid through the trustee as follows: **A monthly payment of $101.50**.

### 4.2 Domestic support obligations.

**(a) Pre- and postpetition domestic support obligations to be paid in full.**

----------NONE----------

**(b) Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

----------NONE----------

### 4.3 Other priority claims.

----------NONE----------

## PART 5:   TREATMENT OF NONPRIORITY UNSECURED CLAIMS AND POSTPETITION CLAIMS

### 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. A minimum sum of **-0-** and a minimum dividend of **1.000**% shall be paid to these claims. Any funds remaining after disbursements have been made to all other creditors provided for in this plan shall also be distributed to these claims.

### 5.2 Interest on allowed nonpriority unsecured claims not separately classified.

**N/A**

**5.3 Maintenance of payments and cure of default on nonpriority unsecured claims.**

--------------- **NONE** ---------------

**5.4 Separately classified nonpriority unsecured claims.**

--------------- **NONE** ---------------

**5.5 Postpetition claims allowed under 11 U.S.C. § 1305.**

Claims allowed under 11 U.S.C. § 1305 will be paid in full through the trustee.

----------**NONE**----------

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1 The executory contracts and unexpired leases listed below are assumed and treated as specified. All other executory contracts and unexpired leases are rejected.**

**Assumed contracts or leases.** Current installment payments will be disbursed by the trustee or directly by the debtor, as specified below. Arrearage payments will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the installment payment and arrearage.

| | CURRENT | | ARREARS | |
|---|---|---|---|---|
| **Creditor/Collateral** | **Monthly Payment** | **Total to be paid** | **Amount to be paid** | **Monthly Payment** |
| ASAM AZIZ APARTMENTS COM | per contract if applicable | per contract if applicable | $0.00(e) | n/a |
| RESIDENTIAL | Disbursed by: Debtor | | Disbursed by: Trustee | |
| AT T | per contract if applicable | per contract if applicable | $0.00(e) | n/a |
| CELL PHONE | Disbursed by: Debtor | | Disbursed by: Trustee | |

## PART 7: ORDER OF DISTRIBUTION OF AVAILABLE FUNDS BY TRUSTEE

**7.1 The trustee will make monthly disbursements of available funds in the order indicated by the "disbursement levels" in the attached Exhibit.**

If available funds in any month are not sufficient to disburse all fixed monthly payments due under the plan for any disbursement level, the trustee shall allocate available funds to the claims in that disbursement level pro rata. If available funds in any month are not sufficient to disburse any current installment payment due under § 3.1, the trustee shall withhold the partial payment amount and treat the amount as available funds in the following month.

## PART 8: VESTING OF PROPERTY OF THE ESTATE

**8.1 Property of the estate will vest in the debtor upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is specified below:**

**PART 9: NONSTANDARD PLAN PROVISIONS**

**Surrender (LR SUITE) to AARONS per rejected contract.**

Approved:

/s/FLEXER LAW PLLC
FLEXER LAW PLLC
ATTY FOR THE DEBTOR
1900 CHURCH STREET SUITE 400
NASHVILLE, TN  37203-7203
615-255-2893
cm-ecf@flexerlaw.com

CHARLES M WALKER
Bankruptcy Judge

Original 341 Date:  **August 16, 2022  10:00 am**
Case no: **22-02034-CW3-13**
Printed:     **09/20/2022           9:37 am**

# EXHIBIT

## SCHEDULED AND ALLOWED CLAIMS AND ORDER OF DISTRIBUTION

The list below identifies the claims treated under this confirmed plan as of the submission of this order to the Court. This list is subject to modification based on the subsequent allowance or disallowance of claims.

The "disbursement level" indicates the order of distribution on a monthly basis. See Part 7 of the attached Order.

\* An asterisk next to a claim indicates that a proof of claim has been filed for the listed creditor. No disbursements will be made on any claim pursuant to the plan unless a timely proof of claim is filed.

! An exclamation mark next to a claim indicates the trustee has placed a "reserve" on the claim and will withhold disbursements pending a further determination. For information about a "reserve" contact the trustee's office.

| | Name of Creditor | Type of Claim | Order of Distribution |
|---|---|---|---|
| | US BANKRUPTCY COURT | FILING FEE | 1 |
| | FLEXER LAW PLLC | ATTORNEY FEE | 2 |
| * | REGIONAL ACCEPTANCE CORPORATION 2021 KIA K5 | 910 AUTOMOBILE LOAN | 3 |
| * | REPUBLIC FINANCE TVS COMPUTER SILVER RINGS DVD SURROUND SOUND LAPTOP DIAMOND RING | SECURED CREDITOR | 3 |
| ! | FLEXER LAW PLLC | ATTY SUCCESS INCENTIVE/PRIOR ATTY | 4 |
| | AARONS | UNSECURED CREDITOR | 5 |
| * | ADVANCE AMERICA CASH ADVANCE CE | UNSECURED CREDITOR | 5 |
| | ASCENSION SAINT THOMAS RUTHERFO | UNSECURED CREDITOR | 5 |
| * | CAPITAL ONE BANK USA NA CC | UNSECURED CREDITOR | 5 |
| | CITY OF LAVERGNE WATER DEPT | UNSECURED CREDITOR | 5 |
| | COMCAST | UNSECURED CREDITOR | 5 |
| * | HEIGHTS FINANCE HOLDING VOID LIEN BLU RAY PLAYER TVs PRINTER COVINGTON CREDIT | UNSECURED CREDITOR | 5 |
| * | JEFFERSON CAPITAL SYSTEMS LLC MASTERCARD CAPITAL ONE | UNSECURED CREDITOR | 5 |
| | MAINSTREET RENEWAL | UNSECURED CREDITOR | 5 |
| | MARINER FINANCE VOID LIEN TVS LAPTOP RINGS | UNSECURED CREDITOR | 5 |
| * | MARINER FINANCE 2ND LIEN 2014 KIA OPTIMA DEFICIENCY PER 341 MOC | UNSECURED CREDITOR | 5 |

| Debtor | BROWN | Case number | 22-02034-CW3-13 |
|---|---|---|---|

| | | | |
|---|---|---|---|
| * | NASHVILLE ELECTRIC SERVICE | UNSECURED CREDITOR | 5 |
| | NATIONAL CREDIT ADJUSTERS LLC EASY MONEY | UNSECURED CREDITOR | 5 |
| * | NATIONAL CREDIT ADJUSTERS LLC LEAD BANK | UNSECURED CREDITOR | 5 |
| * | OPPORTUNITY FINANCIAL | UNSECURED CREDITOR | 5 |
| * | PINNACLE SERVICE SOLUTIONS LLC ARROWHEAD | UNSECURED CREDITOR | 5 |
| * | PLAZA SERVICES LLC CASHNETUSA | UNSECURED CREDITOR | 5 |
| * | PLAZA SERVICES LLC MONEY KEY | UNSECURED CREDITOR | 5 |
| | SPEEDY CASH 143 | UNSECURED CREDITOR | 5 |
| | STONECREST MEDICAL CENTER | UNSECURED CREDITOR | 5 |
| | SUNBIT INC CC | UNSECURED CREDITOR | 5 |
| | TDS LAVERGNE | UNSECURED CREDITOR | 5 |
| * | WORLD FINANCE CORPORATION VOID LIEN TVS LAPTOP RINGS | UNSECURED CREDITOR | 5 |
| | 1305 CLAIM | UNSECURED - 1305 | 6 |

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.